UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                    Criminal No. 09-CR-20620

vs.                                                              HON. BERNARD A. FRIEDMAN

DONALD RAY BURROUGHS,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 62]. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Allenwood Low in Allenwood, Pennsylvania, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] on the grounds that

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

his medical conditions ("hypertension, hyperlipidemia, and chronic obstructive pulmonary disease (COPD)") increase the risk that he would experience serious health consequences if he were to become infected by the coronavirus. Def.'s Br. at 5. Defendant states that the risk to his health in further increased by his inability to practice social distancing and to keep his living space sanitized.

The government acknowledges that defendant's health conditions put him at increased risk, but it opposes the motion because defendant has not shown that the risk of infection at FCI-Allenwood Low is unacceptably high and because defendant does not meet the other requirements for compassionate release.

This Court has summarized the legal standards applicable to this motion as follows:

> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1

---

warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

2

(E.D. Mich. May 15, 2020).

\* \* \*

Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at \*1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at \*1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release is not appropriate in this case. While defendant does have medical conditions that put him at heightened risk if he were to contract COVID-19, he has not shown that the risk at FCI-Allenwood Low is unacceptable. He claims that four corrections officers and two inmates have tested positive, *see* Def.'s Mot. at 4, while plaintiff indicates at page 4 of its response brief, dated August 31, 2020, that "[a]t Allenwood Low FCI, 120 tests have been completed, with only one inmate testing positive. There are 1,044 inmates at that facility. There have been no reported deaths." These figures do not suggest that defendant's health is in great danger. Further, the government notes that it has reduced the prison population by granting home confinement to over 7,500 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities.

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v.*

3

*Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has shown, at most, that the coronavirus poses a generalized risk, not that it poses an unacceptably high risk to him based on his living circumstances and medical conditions. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

                                              s/Bernard A. Friedman
                                              Bernard A. Friedman
Dated: October 2, 2020                Senior United States District Judge
      Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2020.

Donald Ray Burroughs, Pris No. 44075-039    s/Johnetta M. Curry-Williams
Allenwood Low Federal Correctional Institution    Case Manager
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887